IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:92CR153-MU

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BYRON JONES, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on its own motion. After reviewing the record in this case, it appears to the Court that a resentencing may be unnecessary. The Court therefore directs the parties to file supplemental briefing as to whether the Court can or should resentence Defendant Jones.

Defendant Byron Jones's conviction was affirmed by the Fourth Circuit on January 14, 1994. Subsequently, Jones filed several habeas corpus motions in the Middle District of Pennsylvania attacking his conviction. The last of these successfully challenged three counts of the five-count conviction, each concerning the use of firearms. The court vacated these convictions and transferred the case to this Court for resentencing. Jones also attacked the remainder of his sentence as violating Apprendi v. New Jersey, 530 U.S. 466 (2000), but this challenge was denied. The denial was affirmed by the Third Circuit Court of Appeals.

Defendant was originally sentenced to 360 months for Counts One and Two. These counts remained untouched by the Pennsylvania court's decision. Defendant was also sentenced to a separate, consecutive, term of 60 months on Counts Three, Four, and Five, which the Pennsylvania court vacated. At this time, this Court sees no reason why the vacation of Counts Three, Four, and Five should affect Defendant's 360 month sentence for Counts One and Two,

which are distinct in both character and sentence imposed. Moreover, as stated by the Third Circuit in reviewing the dismissal of Defendant's Apprendi claims, Apprendi and its more recent progeny, United States v. Booker, 543 U.S. 220, do not apply to cases made final prior to their decision. Thus, it appears that this Court has no authority to resentence Defendant on those counts.

Neither side has briefed the issue of whether this Court ought to resentence Defendant at all. Therefore, both parties are directed to brief the issue of whether the Court is required to resentence Defendant, or is even capable of such a resentencing. This analysis should include a discussion of why Apprendi or Booker should have any bearing on this case whatsoever, as Defendant's conviction was made final long before either case was decided.

IT IS THEREFORE ORDERED that Defendant has fourteen (14) days from the issuance of this order to brief the issues involved. The Government may then have ten (10) days to respond, and Defendant will have five (5) days to reply, if necessary.

Signed: February 9, 2006

Graham C. Mullen
United States District Judge